UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TERRY LAMELL EZELL,<br><br>                Plaintiff,<br><br>   v.<br><br>SHAWNA McCANN,<br><br>                Defendant. | CASE NO. 23-1882-JCC-SKV<br><br>ORDER DECLINING TO SERVE COMPLAINT AND GRANTING LEAVE TO AMEND |

Plaintiff Terry Ezell is a federal prisoner who is currently confined at the Federal Correctional Institution in Sheridan, Oregon. He has submitted to the Court for filing a civil complaint against a federal defendant which the Court construes as a complaint filed pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Dkt. # 5-1. Plaintiff asserts in his complaint that Defendant Shawna McCann, a Special Agent with the Federal Bureau of Investigation, obtained a search warrant by incorporating false and misleading statements into a search warrant affidavit which led to the unlawful search of two residences Plaintiff was associated with. *See id*. at 4, 7. Plaintiff claims that he spent a year in custody at the Federal Detention Center in SeaTac, Washington, before charges stemming from the alleged

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 1

unlawful search were dismissed. *Id*. at 5. Plaintiff alleges violations of his constitutional rights and claims of false arrest and malicious prosecution arising out of the alleged unlawful search. *See id*. at 7-10.

Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order to sustain a cause of action under *Bivens*, a plaintiff must satisfy the requirements of an action pursuant to §1983, except for the substitution of a federal actor in place of a state actor. *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991). Accordingly, a plaintiff must show that (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 2

Plaintiff's pleading fails to satisfy these standards. While Plaintiff repeatedly describes in his complaint Special Agent McCann's alleged unlawful conduct in relation to the search warrant, his pleading lacks details necessary for the Court to determine whether this action should proceed. In particular, Plaintiff fails to identify in his pleading dates relevant to the claims alleged, including the date the alleged unlawful warrant was issued and executed, the date he was arrested in relation to the warrant, and the date the charges stemming from the warrant were dismissed. Plaintiff also fails to identify the specific charges that were filed against him and subsequently dismissed, and the criminal case number under which those charges were filed. This information is necessary for the Court to assess whether the claims asserted by Plaintiff are timely, and whether they are cognizable at this juncture.

Based on the foregoing, the Court ORDERS as follows:

(1) The Court declines to direct that Plaintiff's complaint be served on Defendants because of the deficiencies identified above. However, Plaintiff is granted leave to file an amended complaint curing the noted deficiencies within **thirty (30) days** of the date on which this Order is signed. Plaintiff must ensure that the amended complaint carries the same case number as his original complaint. If no amended complaint is timely filed, or if Plaintiff fails to correct the deficiencies identified above, the Court will recommend that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended)). Thus, any amended complaint must clearly identify each Defendant, the constitutional claim(s)

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 3

asserted, the specific facts which Plaintiff believes support each claim, and the specific relief requested.

(2)	The Clerk is directed to send Plaintiff the appropriate forms so that he may file an amended complaint. The Clerk is further directed to send copies of this Order to Plaintiff and to the Honorable John C. Coughenour.

DATED this 4th day of January, 2024.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 4